■ M.A. GARMENTS, Respondent, v APPAREL WINDS, INC., Appellant. [786 NYS2d 50]—

Judgment, Supreme Court, New York County (Leland De-Grasse, J.), entered June 22, 2004, which, upon granting plaintiff's motion for summary judgment, awarded it $56,159 plus interest, unanimously reversed, on the law, without costs, plaintiff's motion for summary judgment denied, defendant's cross motion for summary judgment granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

The submitted evidence establishes that when the parties agreed upon the sale of the subject goods, the rate being charged was $27 per dozen; plaintiff's letter of acceptance, defendant's confirming purchase order, and plaintiff's invoices all quote that price. Defendant also showed that on December 24, 1996, it fully paid its obligation under that contract, amounting to $59,899 for 2,001 dozen garments at $27 per dozen, plus ocean freight costs of $5,872. There is no evidence that defendant agreed to pay for the items it purchased at the rate of $58 per

dozen; that rate appears only in the invoices addressed to Americo Group, Inc., an entity unrelated to defendant.

The motion court erred in relying upon the so-called "cooperation letter" that plaintiff provided on January 13, 1997, to justify an award of judgment to plaintiff. However, the transaction between the parties was concluded as of defendant's December 24, 1996 payment of $59,899. Consequently, new consideration would be required for the financial obligations recited in that letter to constitute a contractual obligation on plaintiff's part (*see* 22 NY Jur 2d, Contracts §§ 75, 105). Yet, plaintiff has submitted no evidence of any benefit expected or received by defendant in exchange for the new purported debt. Because no such consideration is apparent on this record, plaintiff failed to establish that the letter reflected an enforceable contract (*see Kastil v Carro*, 145 AD2d 388 [1988], *lv dismissed* 74 NY2d 650 [1989]).

In light of this absence of consideration, and the utter lack of evidence to support plaintiff's contention that defendant agreed to pay any rate other than $27 per dozen for the goods, the question of whether plaintiff's selling agent, Ashutosh Sanghai, had apparent authority to enter into transactions on plaintiff's behalf is irrelevant. In any event, the submissions lead inexorably to the conclusion that defendant penned the letter as a gratuitous favor to plaintiff, since Sanghai made it appear, at the very least, that plaintiff was in poor financial condition and hoped that defendant's letter would secure more time for plaintiff to pay its bank loan.

Accordingly, plaintiff's motion for summary judgment should have been denied, and defendant's cross motion granted. Concur—Buckley, P.J., Nardelli, Saxe, Sullivan and Gonzalez, JJ.